UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60227-CIV-GAYLES/WHITE

**ROY O. DANIELS**,

    Petitioner,

vs.

**JULIE L. JONES**,

    Respondent.

_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS MATTER** came before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report") [ECF No. 8]. Petitioner Roy O. Daniels ("Petitioner") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"), in which he challenges the constitutionality of his convictions and sentences entered in the Florida state court. [ECF No. 8]. The matter was referred to Judge White, pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. [ECF No. 7]. Judge White's Report recommends that the Court dismiss the Petition as time-barred and deny Petitioner a certificate of appealability. On April 14, 2016, Petitioner filed an Amended Writ of Habeas Corpus [ECF No. 12], which the Court has construed as Petitioner's objections to the Report.

    A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir.

2009); *see also* Fed. R. Civ. P. 72(b)(3). If there are no objections, the district court need only review the report and recommendation for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam).

The Court has conducted a *de novo* review of the record, including the initial Petition, the Report, and the subsequently filed Amended Petition, which the Court construes as Petitioner's objections to the Report. This Court agrees with Judge White's conclusion that this Petition is time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A), because over one year of untolled time expired from the time Petitioner's convictions became final until Petitioner filed this Petition. Because this Court agrees that the Petition is untimely, the Court need not address the merits of Petitioner's objections. Even so, the Court will address those issues raised by Petitioner.

Petitioner's first argument that he is unskilled in law does not overcome the untimeliness bar of his Petition. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, this "liberal construction" does not extend to the failure to timely file a habeas petition. *See Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002) (noting that "the policy of liberal construction cannot plausibly justify a party's failure to file a habeas petition on time"). Petitioner has failed to show the "extraordinary circumstances" necessary for the Court to apply equitable tolling to the AEDPA one-year deadline here. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). Any attempt to now assert an equitable tolling argument is not properly considered before this Court in the first instance. *See Starks v. United States*, No. 07-20588-CR, 2010 WL 4192875, at *3 (S.D. Fla. Oct. 19, 2010) ("Arguments that are not raised before a magistrate judge cannot be raised for the first time as an objection to a report and recommendation."); *see also Borden v. Sec'y of Health & Human*

2

*Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) ("Parties must take before the magistrate, not only their 'best shot' but all of their shots.") (citation and internal quotation marks omitted). Accordingly, the Court overrules Grounds 1 and 3 raised in Petitioner's objections.

Petitioner also argues that he is actually and factually innocent of the charges against him. To establish actual innocence, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citations omitted). A claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324 (1995). It bears noting that "claims of actual innocence are rarely successful." *Id.* As correctly stated by Judge White in his Report, Petitioner has failed to make the requisite showing of actual innocence to permit this Court to consider his untimely Petition. Accordingly, the Court overrules Ground 2 raised in Petitioner's objections.

The Court has further considered the arguments in Grounds 4–9 raised in Petitioner's objections and finds them without merit.[1] Petitioner makes much of the fact that his 1999 plea agreement with the State conditioned the plea on the fact that he would not be classified as a "sexual predator." In fact, he has not been classified as such. Rather, Petitioner has been required to register as a sex offender pursuant to Florida Statute § 943.0435(4) based on his conviction.

---

[1] This Court has reviewed the substantial state court record submitted by Petitioner, including copies of previous orders regarding the collateral attacks on his state convictions. The Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, ruled his filings untimely and without legal merit, and Florida's Fourth District Court of Appeal affirmed in 2013. Petitioner filed a new habeas petition before the Circuit Court, which that court again ruled was procedurally barred and without legal merit. The Fourth District Court of Appeal denied the petition for writ of certiorari in 2015. The Florida Supreme Court dismissed Petitioner's requests for discretionary review based on his failure to follow court orders. This Court has reviewed those orders and finds that they reasonably address the arguments Petitioner has raised in his Petition and Amended Petition.

Still, Florida law provides "that the reporting consequences associated with the plea are collateral and cannot support withdrawal of the plea." *State v. Stapleton*, 764 So. 2d 886, 887 (Fla. 4th DCA 2000). Petitioner also argues that the State failed to meet its burden to convict him for failure to register under § 943.0435(4) because he did not have the specific intent to carry out the violation. This argument is without merit, as Florida courts have held that registration under the statute is a general intent crime. *See Smith v. State*, 968 So. 2d 1054, 1056 (Fla. 5th DCA 2007). Accordingly, the Court overrules Grounds 4–9 raised in Petitioner's objections.

Having conducted a *de novo* review of the record and the applicable law, this Court agrees with the analysis and recommendations stated in Judge White's Report.  Accordingly, it is

**ORDERED AND ADJUDGED** that **Petitioner's objections [ECF No. 12]** are **OVERRULED** and the Report **[ECF No. 8]** is **AFFIRMED AND ADOPTED** as follows:

1. Roy O. Daniels's Petition for Writ of Habeas Corpus **[ECF No. 1]** is **DISMISSED with prejudice**.
2. Roy O. Daniels's Amended Writ of Habeas Corpus **[ECF No. 12]** is **DISMISSED with prejudice**.
3. A Certificate of Appealability is **DENIED.**
4. The Clerk of the Court is directed to **CLOSE** this case, and all pending motions, if any, are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of April, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:     Magistrate Judge White
        Counsel of Record